PETER DUDLEY, EXECUTOR, *against* GRANDISON C. SMITH, AND OTHERS.

ERROR *to Chicot Circuit Court.*

In a suit by petitition in debt, where the petition follows the Statute, by stating the plaintiff to be the legal holder of a note or bond against A. B., to the following effect; and sets out *in haec verba,* a note or bond signed by the defendant by the initials of his christian name, the petition is good.
The averments in such petition are equivalent to a statement that the defendant signed the note or bond by a particular signature.

ABSENT, DICKINSON, J.

Peter Dudley, assignee of Theobald & Bain, and executor of Isham Talbot, deceased, stated by his petition under the statute "that he is, as the assignee of Theobald & Bain, and executor of Isham Talbot, deceased, the legal holder of a bond against the defendants Grandison C. Smith, George W. C. Graves, and Claiborne W. Smith, executed to said Theobald & Bain, and by them assigned to the plaintiff, executor of Isham Talbot, deceased, to the following effect:

$8,000. &c.     Signed,.     *G. S. Smith,* [seal.]
                             *G. W. C. Graves,* [seal.]
                             *C. W. Smith,* [seal.]

The defendants demurred to the petition for variance between it and the bond given on oyer—and the ground of demurrer was that the petition did not show that the defendants signed the bond by their several descriptions of G. C. Smith, &c. The court sustained the demurrer on that ground, and rendered final judgment against the plaintiff.

PIKE and SUTTON, for plaintiff in error:

We have been at great loss to imagine on what authority the court below decided the demurrer to be well taken, for we have not been able to find a single case to sustain the decision. It must have been decided upon the doctrine generally laid down, and thus stated by

46

Lawes, in his work on pleadings: " If a bill or note be drawn in one name, and be declared upon as drawn in another, the variance will be fatal, *if the action be not brought against the drawer*, but the acceptor, or one of the endorsers; for, in such cases, the name is part of the description of the written instrument, and the defendant has no opportunity of pleading a misnomer in abatement." And *Whitwell vs. Bennett*, 3 *Bos. and Pul.* 559, is instanced, where in an action against the *acceptor* of a bill drawn by one *Couch*, the drawer was described as *Crouch*, where the variance was held fatal, upon the trial. But the general rule has never been shaken, that if the defendant be misnamed, he must plead it in abatement. *Lawes*, 308, 309; except where the misnomer amounts to a *variance* between the instrument, as declared on, and the same as given in evidence—as where, on a note by the form of Austin, Strobell, and Shirtleff, one of the firm was named in the declaration *Robert Strobell*, and it was proved upon the trial that his name was *Daniel Stobell*, the plaintiff was non-suited. *Gordon vs. Austin*, 4 *T. R.* 611.

The precise question here presented to the court, has, it is believed, never been determined, as in all probability, the exact objection here made, was never before taken.

But in *Wardell et al. vs. Pinney*, 1 *Wend.* 217, *Owen Wardell, Samuel Van Buren*, and *Charles Wardell*, brought suit upon a promissory note, made by Pinney, and averred in their declaration, that by the note the defendant promised to pay *to the order of said plaintiffs*, &c. The note, when produced was found payable to *Wardell, Van Buren & Co.;* and the plaintiffs proved that they composed a firm under that name, though nothing was said as to the firm in the declaration. The court said that if the declaration had averred that the note was given the plaintiffs by the description of Wardell, Van Buren & Co., there would have been no ground of objection: and they then determined, that *there was surely no variance:* that the plaintiffs were shown to be known by the description of the payees in the note, and therefore the plaintiffs had judgment: and they rested upon *Wood vs. Bulkley*, 13 *J. R.* 595, where a note signed *Christ. Bulkley* was held to prove an averment of a note signed *Christopher*

Dudley, Ex'r., *against* Smith, and others.

*Bulkley*, it being proved that the defendant usually abbreviated his name in that manner.

In *Jones et al., vs. Mars et., al.* 2 *Camp.* 305, the endorsees sued the drawers of a bill of exchange, and stated in the declaration that they made it, " their own proper hands being thereunto subscribed." The bill, when produced on the trial, was signed by the name of the defendant's firm, "*Mars & Co.;*" and Lord ELLENBOROUGH refused to nonsuit the plaintiff, either on that ground, or because the bill was stated in the declaration to " for value *received* in leather," and on its face it read " for value *delivered* in leather."

This case was quoted and relied on as sound law, in *Mach vs. J. S. and J. A. Spencer*, 4 *Wend.* 411. The declaration there stated that the defendants made their certain promissory note in writing, bearing date, &c., and then and there delivered, &c., and thereby then and there promised to pay, &c. The note when produced on the general issue, was found to be signed, "*J. S. & J. A. Spencer;*" and proof was given that it was signed by one of the defendants, and that they were partners. The court decided that *there was no variance between the declaration and the proof.*

To sustain the judgment below, upon the grounds there assumed, would be a stretch of ultra-technical refinement which, we presume, will not obtain here. We do not believe that a single authority can be found, showing such a defect, if defect it be, ever to have been ground of demurrrer: and we believe that it is, in every such case, entirely unnecessary to state that the defendant made the note, by his style, or description, or abreviation of Wm. or Chas. or J. C., or the like. We are not even required, under our law, to prove this fact at the trial, unless it is contested under oath.

The petition follows the statute strictly; and although we regard this whole matter of petition and summons as a useless and pernicious innovation on established forms, and calculated more frequently to thwart than forward the ends of justice; yet the petition here is sufficient under the law. It states that the plaintiff holds a bond *against* the defendants, *executed* to Theobald & Bain—and that is certainly equivalent to an averment that the defendants made the note. At all events, when coupled with a copy of the note, it is all the averment,

as to the execution of the note, which the law requires, and therefore sufficient. Moreover, even at common law, it was not necessary even to aver the *signing* of a bond: to aver its sealing was sufficient.

TRAPNALL & COCKE, *Contra:*

The rules requiring certainty in pleading apply with equal force and propriety to this statutory proceeding by petition and summons. And a variance which would be fatal to a declaration, upon the same principles should be equally so to a petition. When suit is brought upon a bond for the direct payment of money, and the bond is relied upon as evidence to support the declaration, the slightest variance between the allegations and evidence, as to persons, dates, or names, will sustain a demurrer. 3 *Starkie*, 1578, 1587, *and notes; Chit.* 222.

When a declaration charged the defendant as James Cook to have made his indenture, and produced a deed signed George Cook, the variance was held to be fatal. *Mayleston vs. Palmerston,* 2 *Carr. & Payne,* 474; *Hickman vs. Shetbolt, Dyer,* 279; *Hutchinson vs. Piper,* 4 *Taunt.* 800.

In this case a similar difference exists. The plaintiff states that he holds a note against Grandison C. Smith, George W. C. Graves, and Claiborne Smith, and the note is signed G. C. Smith, G. W. C. Graves and C. Smith. There is no averment in the petition, or evidence in the record, that they are the same persons, and there is as great a variance in this case as in the case cited above.

In the case of *Dallam & Castleman vs. Wilson,* 4 *Monroe,* 109, which was an action by petition and summons; upon a demurrer for a variance, the court say, " to charge Dallam by the name of Dillon, or Castleman, Dallam & Co., by the name of Castleman, Dillon & Co., it must be averred that they are the same firm. The variance between Dallam and Dillon is obvious. To make them mean the same person must be done by averment of a matter not apparent in the writing, but out of it, and essential to charge Castleman, Dallam & Co., by virtue of that writing."

It is not apparent on the face of the note, that they are the same persons, it should therfore according to the well settled principle illustrated in the above case, have been averred. And such an averment

Dudley, Ex'r., *against* Smith, and others.

can properly be made in a petition and summons, as decided in the case of *Rochester vs. Trotter*, 5 *Bibb*, 444; *Hensmen vs. Castleman & Co.*, 1 *Monroe* 211.

RINGO, *Chief Justice*, delivered the opinion of the court:

The petition literally follows the form prescribed by the statute; and the obligation therein set forth is a literal copy of that given as oyer: there is therefore no variance or misdescription of the writing obligatory sued on, and according to the principle recognized and established by this court in the case of *Webb vs. Prescott and Jones*, decided at the present term, there is no necessity for any formal averment in the petition that the defendant sealed the instrument, or subscribed it by any particular name or description, where the whole instrument, including the signatures and seal, is literally copied into the petition, because the statement in the petition that the plaintiff is the legal holder of a bond against the defendants to the following effect, is in such case equivalent to such averment. The judgment is therefore reversed.